**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | |
|---|---|
| **SCOTTSDALE INDEMNITY COMPANY**, an Ohio corporation,<br>  Plaintiff<br><br>       v.<br><br>**WEISS ENTITIES LLC** and **MARC JACKSON**,<br>  Defendants | )<br>)<br>) **Case Number: 1:25-cv-08243**<br>)<br>)<br>) **Judge:**<br>)<br>)<br>) **Magistrate Judge:**<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Scottsdale Indemnity Company ("Scottsdale"), by and through its legal counsel Peters & Nye LLP, for its Complaint for Declaratory Judgment and Other Relief against Weiss Entities LLC ("Weiss") and Marc Jackson ("Jackson") states as follows:

**NATURE OF THE ACTION**

1. This insurance coverage dispute arises from a lawsuit filed against Weiss in the Circuit Court of Cook County, Illinois, Case No. 2025CH03662, captioned *Marc Jackson, individually and on behalf of all other similarly situated v. Weiss Entities LLC* (the "Complaint" or the "Lawsuit").

2. Scottsdale brings this action for declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202, to obtain a declaration that it has no duty to defend and indemnify Weiss with respect to the Lawsuit.

**PARTIES**

3. Plaintiff Scottsdale is an insurance company organized under the laws of the State of Ohio with its principal place of business in Scottsdale, Arizona.

4. At all relevant times, Scottsdale was authorized to transact and conduct insurance business in the State of Illinois.

5. Defendant Weiss is a limited liability company whose member is a citizen of Illinois.

6. Defendant Jackson is a citizen of Illinois.

**JURISDICTION AND VENUE**

7. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. This Court has the authority to declare the rights and obligations of the parties under the terms and provisions of the Scottsdale Policy issued to Weiss pursuant to 28 U.S.C. §2201(a), 28 U.S.C. §2202, and Rule 57 of the Federal Rules of Civil Procedure.

9. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are residents and citizens of the State of Illinois.

10. Venue is also appropriate in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District and the Underlying Complaint upon which this declaratory judgment action is based is pending in the Circuit Court of Cook County, Illinois, which is located in this District.

## THE SCOTTSDALE POLICY

11. Scottsdale issued to Weiss a Business and Management Indemnity Policy, which contains a Management Insureds and Company Coverage Section ("MIC Coverage Section"), for the November 3, 2024 to November 3, 2025 **Policy Period**[1] (the "Policy"). A true and correct certified copy of the Policy (with confidential information redacted) is attached hereto at **Exhibit A**.

12. The Insuring Clauses of the MIC Coverage Section read as follows:

    **A.    INSURING CLAUSES**

    1. The **Insurer** shall pay the **Loss** of the **Management Insureds** for which the **Management Insureds** are not indemnified by the **Company** and which the **Management Insureds** have become legally obligated to pay by reason of a **Claim** first made against the **Management Insureds** during the **Policy Period** or, if elected, the **Extended Period**, and reported to the **Insurer** pursuant to Section E.1. herein, for any **Wrongful Act** taking place prior to the end of the **Policy Period**.

    2. The **Insurer** shall pay the **Loss** of the **Company** for which the **Company** has indemnified the **Management Insureds** and which the **Management Insureds** have become legally obligated to pay by reason of a **Claim** first made against the **Management Insureds** during the **Policy Period** or, if elected, the **Extended Period**, and reported to the **Insurer** pursuant to Section E.1. herein, for any **Wrongful Act** taking place prior to the end of the **Policy Period**.

    3. The **Insurer** shall pay the **Loss** of the **Company** which the **Company** becomes legally obligated to pay by reason of a **Claim** first made against the **Company** during the **Policy Period** or, if applicable, the **Extended Period**, and reported to the **Insurer** pursuant to Section E.1. herein, for any **Wrongful Act** taking place prior to the end of the **Policy Period**.

(Ex. A, Policy, Section A. of the MIC Coverage Section)

---

[1] Bold-faced terms are defined Policy terms.

13. Pursuant to Section F.1. of the MIC Coverage Section:

   It shall be the duty of the **Insurer** and not the duty of the **Insureds** to defend any **Claim.** Such duty shall exist even if any of the allegations are groundless, false or fraudulent. The **Insurer's** duty to defend any **Claim** shall cease when the Limits of Liability have been exhausted by the payment of **Loss** including **Costs, Charges and Expenses.**

14. **Insured** is defined as follows:

   **Insured** means the **Company** and the **Management Insureds.**

(Ex. A, Policy, Section B.6. of the MIC Coverage Section)

15. **Company** is defined in pertinent part as follows:

   **Company** means:

   a. the **Parent Company**; and

   b. any **Subsidiary**, … .

(Ex. A, Policy, Section B.2. of the General Terms and Conditions)

16. **Parent Company** is defined as follows:

   **Parent Company** means the entity first named in Item 1. of the Declarations.

(Ex. A, Policy, Section B.7. of the General Terms and Conditions)

17. The first-named entity in Item 1. of the Declarations is Weiss Entities LLC.

18. **Claim** is defined in pertinent part as follows:

   **Claim** means:

   […]

   b. a civil proceeding against any **Insured** seeking monetary damages or non-monetary or injunctive relief, commenced by the service of a complaint or similar pleading;

   […]

(Ex. A, Policy, Section B.1. of the MIC Coverage Section).

19. **Wrongful act** is defined in pertinent part as follows:

> **Wrongful Act** means any actual or alleged error, omission, misleading statement, misstatement, neglect, breach of duty or act allegedly committed or attempted by:
>
> […]
>
> c. the **Company**, but only with respect to Insuring Clause 3. of this Coverage Section.

(Ex. A, Policy, Section B.12. of the MIC Coverage Section).

20. **Loss** is defined as follows:

> **Loss** means damages, judgments, settlements, pre-judgment or post-judgment interest awarded by a court, and **Costs, Charges and Expenses** incurred by **Management Insureds** under Insuring Clauses 1. or 2. or the **Company** under Insuring Clause 3. **Loss** does not include:
>
> a. taxes, fines or penalties, except civil penalties assessed against **Directors and Officers** pursuant to Section 2(g)(2)(B) of the Foreign Corrupt Practices Act;
>
> b. matters uninsurable under the laws pursuant to which this **Policy** is construed;
>
> c. punitive or exemplary damages, or the multiple portion of any multiplied damage award, except to the extent that such punitive or exemplary damages, or multiplied portion of any multiplied damage award are insurable under the internal laws of any jurisdiction which most favors coverage for such damages and which has a substantial relationship to the **Insureds**, **Insurer**, this **Policy** or the **Claim** giving rise to such damages;
>
> d. the cost of any remedial, preventative or other non-monetary relief, including without limitation any costs associated with compliance with any such relief of any kind or nature imposed by any judgment, settlement or governmental authority;
>
> e. any amount for which the **Insured** is not financially liable or legally obligated to pay;

5

    f.  the costs to modify or adapt any building or property to be accessible or accommodating, or more accessible or accommodating, to any disabled person; or

    g.  any amounts owed or paid to one or more securities holders of the **Company** under any written or express contract or agreement.

(Ex. A, Policy, Section B.8., as amended by Endorsement No. 36 of the MIC Coverage Section).

  21. **Costs, charges, and expenses** are defined as follows:

    a.  reasonable and necessary legal costs, charges, fees and expenses incurred by any of the **Insureds** in defending **Claims** and the premium for appeal, attachment or similar bonds arising out of covered judgments, but with no obligation to furnish such bonds and only for the amount of such judgment that is up to the applicable Limit of Liability and;

    b.  cost of investigation.

    **Costs, Charges and Expenses** do not include salaries, wages, fees, overhead or benefit expenses of or associated with officers or employees of the **Organization.**

(Ex. A, Policy, Section B.3., as amended by Endorsement No. 31, of the MIC Coverage Section).

  22. Exclusion 1.a. of the MIC Coverage Section reads as follows:

    1. Exclusions Applicable to All Insuring Clauses

    **Insurer** shall not be liable for **Loss** under this Coverage Section on account of any **Claim:**

    a.  for actual or alleged bodily injury, sickness, disease, death, false imprisonment, assault, battery, mental anguish, emotional distress, invasion of privacy of any person, or damage to or destruction of any tangible or intangible property including loss of use thereof, whether or not such property is physically injured;

(Ex. A, Policy, Section C.1.a. of the MIC Coverage Section, referred to in this Complaint as "Exclusion A").

23. The Professional Services Errors and Omissions Exclusion reads as follows:

1. Exclusions Applicable to All Insuring Clauses

**Insurer** shall not be liable for **Loss** under this Coverage Section on account of any **Claim:**

based upon, arising out of, or attributable to, directly or indirectly resulting from, in consequence of, or in any way involving the rendering or failure to render professional services.

(Ex. A, Policy, Section C. of the MIC Coverage Section, as amended by Endorsement No. 42, referred to in this Complaint as the "Professional Services Exclusion").

## THE COMPLAINT AGAINST WEISS

24. On March 31, 2025, Jackson, individually and on behalf of all others similarly situated, filed a Class Action Complaint against Weiss. A copy of the Complaint is attached hereto as **Exhibit B**.

25. The Complaint alleges that Weiss is a real estate company based in Illinois that owns retail space and multi-family developments. (Ex. B, ¶2).

26. The Complaint alleges that in the course of its business operations, Weiss was entrusted with, obtained, collected, used, and derived a benefit from an extensive amount of the Plaintiff's and the Class members' personal, confidential, sensitive, private, and protected Personally Identifiable Information that included the Plaintiff's and Class members' names and social security numbers. (¶¶1, 3, 20, 22, 23, 25, 27, 28, 33, 61, 90).

27. The Complaint alleges the Plaintiff and Class members entrusted their private and confidential Personally Identifiable Information to Weiss with the understanding that it would

safeguard their information and use it for business purposes only and/or not disclose it to unauthorized third parties. (¶¶55, 61, 90)

28. The Complaint alleges that Weiss was responsible for protecting the Personally Identifiable Information from disclosure to third parties. (¶19)

29. The Complaint alleges that Plaintiff and the Class members took reasonable steps to maintain the confidentiality of their Personally Identifiable Information, and relied on Weiss to keep this information confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information. (¶28)

30. The Complaint alleges Plaintiff and the Class members have privacy interests in their Personally Identifiable Information. (Wherefore clause).

31. The Complaint alleges that on approximately July 29, 2024, an intruder gained entry to Weiss' database, accessed the Plaintiff's and Class members' Personally Identifiable Information, and exfiltrated that information from Weiss' systems (the "Data Breach Incident"). (¶5)

32. The Complaint alleges that Weiss did not notify Plaintiff and the Class members of the Data Breach Incident until March 6, 2025. (¶6)

33. The Complaint alleges that the Plaintiff's and the Class members' Personally Identifiable Information was compromised due to Weiss's failure to properly and adequately safeguard and protect the Personally Identifiable Information while it was within Weiss's possession or control, disregarding the rights of Plaintiff and the Class members in their Personally Identifiable Information. (¶¶8, 10, 71)

34. The Complaint alleges that Weiss's alleged misconduct included failing to use, have in place and follow reasonable security procedures and practices and industry protocols

8

appropriate to the nature of the sensitive, unencrypted information that it was maintaining for Plaintiff and Class members (¶27); failing to adequately protect the Personally Identifiable Information (¶10); failing to take and implement adequate and reasonable measures to ensure their PH was safeguarded (¶10); failing to take available steps to prevent an unauthorized disclosure of data and to prevent the Data Breach (¶¶10, 65); failing to follow applicable, required and appropriate protocols, policies and procedures and to comply with industry standards regarding the encryption of the Personally Identifiable Information for the safekeeping of the Personally Identifiable Information (¶10, 23, 65); failing to warn of Weiss's inadequate information security practices ¶11; failing to secure the equipment and database; failing to delete the Personally Identifiable Information that it no longer had reason to maintain (¶23); failing to eliminate potential accessibility of the Personally Identifiable Information from the internet and its website (¶23); failing to review and improve the security of its network system that contained the Personally Identifiable Information (¶23); failing to heed industry warnings and alerts to provide adequate safeguards to protect Plaintiff's and the Class members' PH in the face of increased risk of theft (¶30-31, 73); and failing to adequately and timely disclose the existence and scope of the data breach incident (¶76).

35.  The Complaint alleges that the Plaintiff and Class members have been injured and will suffer injury due to the theft of their Personally Identifiable Information, the diminution in value of the Personally Identifiable Information, the loss of their Personally Identifiable Information to third parties, the increased risk of identity theft or fraud, and the anxiety, emotional distress, and loss of privacy sustained. (¶84, 85, 86, 87)

36.  Based on these allegations, Count I of the Complaint alleges a cause of action for negligence and Count II alleges a cause of action for breach of fiduciary duty.

9

**THE COVERAGE DISPUTE**

37. The Complaint was submitted to Scottsdale by Weiss.

38. In a May 14, 2025 letter sent by Scottsdale to the authorized representative of Weiss, Scottsdale advised Weiss that the Policy does not provide coverage for the Lawsuit and that Scottsdale has no duty to defend and indemnify the Lawsuit.

39. Weiss has not acknowledged its agreement with Scottsdale's denial of coverage for the Lawsuit.

40. An actual controversy of justiciable nature exists between Scottsdale and Weiss, and, by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§2201 and 2202, this Court is invested with the power to declare the rights and obligations of the parties hereto and to grant such relief as it deems necessary and proper.

**COUNT I**
**Declaratory Judgment – The Professional Services Exclusion Bars Coverage**

41. Scottsdale repeats, realleges, and incorporates herein the allegations of paragraphs 1 through 40 of this Complaint as though these paragraphs are alleged and set forth in this paragraph 41 of this Count I.

42. The Professional Services Exclusion bars coverage for a **Claim** based upon, arising out of, or attributable to, directly or indirectly resulting from, in consequence of, or in any way involving the rendering or failure to render professional services. (Professional Services Exclusion cited at ¶23, *supra*).

43. The Lawsuit is a **Claim**.

44. The Lawsuit alleges that Weiss, in the course of its business operations, was entrusted with, obtained, collected, maintained, used and derived a benefit from the Plaintiff's and Class members' personal, confidential, sensitive, and private Personally Identifiable Information

which Weiss failed to safeguard, secure, and protect, causing its unauthorized disclosure and exfiltration from Weiss's database and systems in approximately July 29, 2024.

45. The Lawsuit is based upon, arises out of, is attributable to, directly or indirectly results from, is in consequence of, and in any way involves Weiss' rendering or failure to render professional services.

46. Pursuant to the Professional Services Exclusion, the Policy does not afford coverage to Weiss for the Lawsuit.

47. Accordingly, Scottsdale has no duty to defend the Lawsuit, has no duty to pay **Costs, Charges, or Expenses** or any attorneys' fees and costs incurred by Weiss with respect to the Lawsuit, has no duty to indemnify the Lawsuit, and has no duty under the Policy to pay any damages, judgments, settlements, pre-judgment or post-judgment interest, or any other payments with respect to the Lawsuit.

48. Based on the foregoing, Scottsdale seeks a declaration that the Policy does not provide coverage for and does not apply to the Lawsuit; that Scottsdale has no duty to defend the Lawsuit, has no duty to pay **Costs, Charges, or Expenses** or any attorneys' fees and costs incurred by Weiss with respect to the Lawsuit, has no duty to indemnify the Lawsuit, and has no duty under the Policy to pay any damages, judgments, settlements, pre-judgment or post-judgment interest, or any other payments with respect to the Lawsuit.

## COUNT II
### Declaratory Judgment – Exclusion A

49. Scottsdale repeats, realleges, and incorporates herein the allegations of paragraphs 1 through 48 of this Complaint as though these paragraphs are alleged and set forth in this paragraph 49 of this Count II.

50. Exclusion A bars coverage for a **Claim** for invasion of privacy of any person; damage to or destruction of any tangible or intangible property including loss of use thereof, whether or not such property is physically injured; and emotional distress. (Exclusion A cited at ¶22 *supra*).

51. The Lawsuit is a **Claim**.

52. The Lawsuit alleges that Weiss's conduct caused the unauthorized disclosure, compromise, exfiltration, loss, theft, and identity theft of Plaintiff's and the Class members' personal, confidential, sensitive, and private Personally Identifiable Information in which the Plaintiff and Class members have privacy interests.

53. The Lawsuit is a **Claim** for the invasion of the Plaintiff's and Class members' privacy in their Personally Identifiable Information.

54. The Personally Identifiable Information is intangible property.

55. The Lawsuit is a **Claim** for the damage to and loss of use of the Plaintiff's and Class member's intangible property.

56. The Lawsuit alleges that the Plaintiff and Class members suffered emotional distress as result of the Data Breach Incident.

57. The Lawsuit is a **Claim** for emotional distress.

58. Accordingly, Exclusion A bars coverage for the Lawsuit, and Scottsdale has no duty to defend the Lawsuit, has no duty to pay **Costs, Charges, or Expenses** or any attorneys' fees and costs incurred by Weiss with respect to the Lawsuit, has no duty to indemnify the Lawsuit, and has no duty under the Policy to pay any damages, judgments, settlements, pre-judgment or post-judgment interest, or any other payments with respect to the Lawsuit.

59. Based on the foregoing, Scottsdale seeks a declaration that the Policy does not provide coverage for and does not apply to the Lawsuit; that Scottsdale has no duty to defend the Lawsuit, has no duty to pay **Costs, Charges, or Expenses** or any attorneys' fees and costs incurred by Weiss with respect to the Lawsuit, has no duty to indemnify the Lawsuit, and has no duty under the Policy to pay any damages, judgments, settlements, pre-judgment or post-judgment interest, or any other payments with respect to the Lawsuit.

**WHEREFORE**, Plaintiff, SCOTTSDALE INDEMNITY COMPANY, respectfully requests that judgment be entered in its favor and against the Defendants on each of Count I through II of this Complaint, and prays that this Court:

a. Determine, decide, adjudicate and declare the rights and obligations of the parties hereto with respect to the Policy described herein;

b. Enter an Order finding and declaring that the Policy does not provide coverage for and does not apply to the Lawsuit;

c. Enter an Order finding and declaring that Scottsdale has no duty to defend the Lawsuit and has no duty to pay **Costs, Charges, Expenses** or any attorneys' fees and costs incurred by Weiss with respect to the Lawsuit;

d. Enter an Order finding and declaring that Scottsdale has no duty to indemnify the Lawsuit, and has no duty under the Policy to pay any damages, judgments, settlements, pre-judgment or post-judgment interest, or any other payments with respect to the Lawsuit; and

e. Grant such other and further relief that this Honorable Court deems equitable and just, including the award of costs to Scottsdale.

Dated: July 18, 2025  Respectfully submitted:

**SCOTTSDALE INDEMNITY COMPANY**

By: /s/ Nancy K. Tordai
    One of its Attorneys

Nancy K. Tordai (ARDC # 618.2953)
PETERS & NYE LLP
14 Executive Court, Suite 2
South Barrington, IL 60010
Telephone: 847-423-3053
Facsimile: 847-381-1693
Email: nancytordai@petersnye.com